IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00180-01-CR-W-NKL |
| LEONARD HOLMAN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On October 22, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.  BACKGROUND*

On June 2, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On October 22, 2009, defendant appeared before me with his counsel, Assistant Federal Public Defender Robert Kuchar. The government was represented by Assistant United States Attorney Jess Michaelsen. The proceedings were recorded and a transcript of the hearing was filed on October 22, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III

2

judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. <u>Id.</u>

3

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On June 2, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant understood the charges in the indictment (Tr. at 3).

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 3).

3. Defendant was advised of and understood the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 4);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 4, 6);

4

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 5);

f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 5); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 6).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 7). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 7). Defendant stated that he understood (Tr. at 7).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his

5

independent investigation confirmed that the facts were as alleged by the government (Tr. at 7).

    7.    The government made the following factual basis for the crime to which defendant intends to plead guilty:

> on April 24th of 2009, at approximately 3:50 p.m., Kansas City, Missouri Police Officers were dispatched to 6914 Agnes in Kansas City, Jackson County, Missouri. They were dispatched regarding an outside disturbance involving a man armed with a gun. Upon arrival the officers saw a man matching the description of the armed party standing on the front porch of the residence. Officers took the man into custody and he was later identified as this defendant, Leonard Holman. The defendant was arrested on an outstanding Kansas City warrant. Officers then contacted the reporting party at the residence, a Ms. Tyra France. Ms. France said she woke up from a nap and went outside to get the paper. She saw the defendant sleeping on the front porch. She went back inside her house and the defendant woke up and started screaming at her from the front porch. She looked out the window and saw the defendant banging on the door with the gun in his hand. Ms. France told the officers to look on the north side of the front porch for the firearm. Officer Murdoch was -- while Officer Murdoch was looking for the firearm, the defendant told the officer that the gun was in a bag by the chair. Officer Murdoch found the gun in a plastic bag next to the chair. It was a Smith & Wesson .38-caliber revolver, Serial Number 614737. It was loaded with three rounds of ammunition. Ms. France confirmed that the revolver was the gun that she saw the defendant holding in his hand. The defendant spontaneously said that he had the gun to protect his family. Later, when the defendant was interviewed by detectives at approximately 6:34 p.m., the defendant voluntarily waived his Miranda rights and provided the detectives with an oral statement, in which he admitted that he possessed the handgun to protect his family. The interrogation process was also captured on, I believe on a DVD, which was also provided to counsel. The Smith & Wesson revolver was manufactured in Springfield, Massachusetts, and prior to April of 2009, the defendant had felony convictions for felony driving while intoxicated, felony driving while revoked, sale of a controlled substance and felony stealing.

(Tr. at 11-13).

8. Defendant was placed under oath (Tr. at 10) and admitted the following:

On April 24, 2009, he was within the Kansas City metropolitan area, he had suffered one or more felony convictions, he had in his possession a .38 caliber Smith & Wesson which was in a basket on the front porch, he knew the gun was there, he had the gun to protect himself and his family, the gun was loaded with three live rounds, and he does not dispute that the gun was manufactured in Massachusetts (Tr. at 10-12).

9. Defendant understands that there is no plea agreement in this case (Tr. at 13).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 13).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Kuchar (Tr. at 13). There is nothing he has done that defendant did not want him to do (Tr. at 13). There is nothing he has failed to do that defendant wanted him to do (Tr. at 13).

12. Defendant is 48 years of age (Tr. at 13). He finished 11th grade (Tr. at 14). Defendant has no mental health or substance abuse issues (Tr. at 14). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 14).

13. Defendant tendered a plea of guilty (Tr. at 15).

## IV. ELEMENTS OF THE CHARGED OFFENSES

According to the Eighth Circuit Model Criminal Jury Instructions, the crime of possessing a firearm after having been convicted of a felony has three essential elements:

One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, the defendant thereafter knowingly possessed a firearm; and

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in the indictment.

8

Any objections to this Report and Recommendation shall be filed by October 29, 2009.

                                          */s/ Robert E. Larsen*
                                          ROBERT E. LARSEN
                                          United States Magistrate Judge

Kansas City, Missouri
October 27, 2009